**United States District Court**
**District of Massachusetts**

```
_____
                               )
Kinsale Insurance Company,      )
                               )
          Plaintiff,            )
                               )
     v.                         )
                               )
R. Greenleaf Organics, Inc.,    )      Civil Action No.
Reynold Greenleaf & Associates, )      21-10289-NMG
LLC, William N. Ford, Sr., John )
Christopher Romero and William  )
F. Galvin, Secretary of the     )
Commonwealth of Massachusetts,  )
                               )
          Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This insurance coverage dispute arises out of the allegedly fraudulent merger of The Ann Wigmore Foundation ("the Foundation"), a Massachusetts non-profit corporation, and The Sterling Foundation ("Sterling"), a New Mexico non-profit entity whose directors include defendants William N. Ford, Sr., and John Christopher Romero.

Pending before the Court is a motion of all of the defendants (except William F. Galvin) to dismiss, abstain from considering or stay this action, in which plaintiff Kinsale Insurance Co. ("Kinsale") seeks declaratory judgment that it has no obligation to afford coverage to defendants related to the

-1-

merger.  For the reasons that follow, that motion will be
allowed.

I.    **Background**

  **A. The Parties**

  Defendant William N. Ford, Sr., is the chairman of
Sterling's board of directors.  Defendant John Christopher
Romero is also a director of Sterling.  Both Ford and Romero are
residents of New Mexico.  They each hold executive positions at
defendants R. Greenleaf Organics, Inc. ("Greenleaf Organics")
and Reynold Greenleaf & Associates, LLC ("Reynold Greenleaf").

  Greenleaf Organics is a New Mexico non-profit corporation
with its principal place of business in that state.  It is a
state-licensed medical cannabis producer and offers marijuana
products for sale via the internet for delivery in New Mexico.

  Reynold Greenleaf is a New Mexico limited liability company
which operates in New Mexico.  It provides consulting services
for the cannabis industry and has provided such services to
Greenleaf Organics.

  Defendant William Galvin is the Secretary of the
Commonwealth of Massachusetts.

  Plaintiff Kinsale is an insurance company incorporated in
Arkansas with its principal place of business in Richmond,
Virginia.

**B.  Factual and Procedural History**

The Ann Wigmore Foundation was a Massachusetts non-profit corporation which promoted "healthy living through the use of uncooked foods".  Several years after the death of its eponymous founder, the operations of the Foundation were relocated to New Mexico, where it purchased 21 acres of land containing several buildings that it used for educational purposes.  At about the same time, Susan Lavendar-Baran ("Lavendar") began operating the Foundation and maintaining its New Mexico property.  Lavendar failed to file annual reports for the Foundation in Massachusetts and New Mexico and as a result its non-profit status in those states was revoked in 2012 and 2018, respectively.

In 2018, Lavendar, who desired to relocate to Virginia, sought to sell the New Mexico property on behalf of the Foundation.  Ford expressed an interest in purchasing the property but, according to Lavendar, a sale was never consummated, in part due to the "cross-purposes" of the Greenleaf entities (which supply marijuana for medical use) and the Foundation (which disapproves of such activity).  Ford and the Greenleaf defendants disagree and contend that the parties did in fact reach an agreement.

In November, 2018, Ford applied to revive the Foundation's non-profit status in Massachusetts.  To that end, the Greenleaf

defendants and Sterling filed an annual report in Massachusetts on behalf of the Foundation.  The following month, those parties submitted an application to merge the Foundation with Sterling which was approved by defendant Galvin.  Lavendar contends that the revival and merger of the Foundation with Sterling was, in essence, fraudulent.

Shortly after the merger, Lavendar, individually and putatively on behalf of the Foundation, and Karen Hammer (together, "the Lavendar parties") sued Ford, Romero, Greenleaf Organics and others in New Mexico state court, alleging a variety of claims relating to the revival of the Foundation and the merger with Sterling.  In June, 2020, Lavendar and the Foundation sued the Greenleaf defendants, Ford, Romero, Sterling, Galvin and others in this Court.  See The Ann Wigmore Foundation, Inc. v. The Sterling Foundation, No. 20-cv-11150-IT (filed June 17, 2020).  That action was dismissed in December, 2021.  See id., ECF No. 93.  The New Mexico action remains pending.

In February, 2021, Ford, Romero and the Greenleaf defendants filed a third-party complaint in the New Mexico action seeking, inter alia, a declaratory judgment that Kinsale, their insurer, owed them coverage on the claims Lavendar had brought against them in the New Mexico action.  On the same day, Kinsale filed this action, seeking a declaratory judgment that

-4-

it did not owe coverage to defendant insureds with respect to the actions brought by Lavendar.

## II.  **The Pending Motion**

Defendants have moved for the Court to dismiss this action, abstain from exercising jurisdiction over it or to stay it, citing the Court's authority to do so under the Declaratory Judgment Act, the Colorado River abstention doctrine and the prior pending action doctrine.  Because Kinsale seeks relief in the form of a declaratory judgment, the Court considers defendants' motion under the abstention framework outlined by the Supreme Court in Wilton and Brillhart rather than under the Colorado River or prior pending action doctrines. See Wilton v. Seven Falls Co., 515 U.S. 277 (1995), Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942).

### A. The Declaratory Judgment Act

#### i.  Legal Standard

While federal courts usually have a "virtually unflagging obligation" to exercise the jurisdiction granted to them, Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), the Declaratory Judgment Act confers upon federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants, Wilton, 515 U.S. at 287.  In the context of a declaratory judgment, the "normal principle" that a federal court must adjudicate claims over

-5-

which it possesses jurisdiction "yields to considerations of
practicality and wise judicial administration." Wilton, 515 U.S.
at 288.

In practice, the exercise of Brillhart abstention has
required that the two actions at issue be parallel. Wilton, 515
U.S. at 290 (explaining that Wilton did not "delineate the outer
boundaries" of that discretion in, e.g. "cases in which there
are no parallel state proceedings"), see, e.g., Certain London
Market Company Reinsurers v. Lamorak Ins. Co., No. 18-10354,
2019 WL 1222758 at *7 (D. Mass. Feb. 20, 2019) (considering
parallelism as a prerequisite to Brillhart abstention), AIG
Prop. Cas. Co. v. Green, 150 F. Supp. 3d 132, 138 (D. Mass.
2015) (stating that "the absence of pending parallel state
proceedings militates significantly in favor of exercising
jurisdiction") (citations omitted).  State and federal
proceedings are parallel where

> substantially the same parties are contemporaneously
> litigating substantially the same issues and there is a
> substantial likelihood that the state litigation will
> dispose of all the claims presented in the federal case.

Maxum Indemn. Co. v. Thermax, Inc., 2020 U.S. Dist. LEXIS 255393
at *15 (D. Mass. Jan. 7, 2020).  Two actions need not be
identical to be parallel. Id., see Flectat Ltd. v. KASL
Seabreeze, LLC, 257 F. Supp. 3d 152, 157 (D. Mass. 2017)
(holding similarly and noting that the First Circuit has not

"addressed head-on" the question of parallelism in the context
of an action seeking declaratory judgment).  Rather, abstention
may be proper in consideration of the totality of the
circumstances if there is a "sufficient nexus" of parallelism
between the two actions. Flectat, 257 F. Supp. 3d at 157-58.

Beyond parallelism, various factors bear upon the Court's
discretion to abstain, including: 1) the scope of a pending
parallel state court proceeding and the nature of defenses there
available, 2) whether the claims of all parties in interest can
be adjudicated satisfactorily in that state proceeding, 3)
whether necessary parties have been joined, 4) whether all
necessary parties are amenable to process in the state
proceedings and 5) the virtue of avoiding a) uneconomical or
vexatious proceedings and b) gratuitous interference by a
federal court with an orderly and comprehensive suit pending in
a state court, presenting the same issues, not governed by
federal law, between the same parties. Wilton at 283 (citing
Brillhart, 316 U.S. at 495), see Flectat, 257 F. Supp. 3d at 157
(listing factors).  No individual factor is dispositive, and the
list does not preclude consideration of additional factors that
may inform the decision of the Court. See Wilton, 515 U.S. at
283.

ii.  **Application**

The Court first considers whether the actions are parallel. Substantially the same parties are involved in both this action and the New Mexico action.  In the latter, Kinsale is a third-party defendant and Greenleaf Organics, Reynold Greenleaf, Ford and Romero are third-party plaintiffs.  The Court considers the absence of Galvin from the New Mexico action of little importance because Galvin is not insured by Kinsale and none of the claims in the complaint concerns him.  Because the parties are otherwise identical, the actions are parallel in that respect.

Kinsale does not dispute that the parties to each action are materially identical but contends that there is insufficient evidence that the two actions concern substantially the same issues, citing the lack of specificity in the third-party complaint with respect to 1) the suits for which coverage is sought and 2) the policies under which it is sought.  It submits that Brillhart abstention is therefore inappropriate.

Kinsale's first amended complaint consists of 12 claims, 11 of which seek a declaration that Kinsale is not obligated to afford coverage for the actions brought by Lavendar pursuant to various sections of the issued insurance policies.  The twelfth claim alleges that, in the event that coverage exists, it is excess to any other available coverage.  The third-party

complaint contains seven causes of action, including a claim for declaratory judgment that Kinsale owes the Greenleaf defendants, Ford and Romero coverage under directors and officers insurance policies it issued.

Kinsale's argument that the third-party complaint is unclear with respect to which lawsuits are at issue is unpersuasive.  The complaint identifies three actions, i.e. the New Mexico action, the action brought in this court and a short-lived Massachusetts state court action brought by Lavendar, and defines them as "the Claims".  Thereafter, it states that a declaratory judgment is sought with respect to Kinsale's obligations to provide coverage for "the Claims".  While ambiguity might have prevailed had the Greenleaf entities, Ford and Romero merely referred to "claims", that is not what they did.  Instead, they defined a term, employed that term throughout the complaint and indicated that it possessed a particular definition by use of a capital letter.  The declaratory judgments sought by each party pertain to the same actions.

The third-party complaint is likewise clear with respect to the policies under which the Greenleaf defendants, Ford and Romero seek coverage.  The complaint alleges that Kinsale sold commercial insurance policies which included directors and officers ("D&O") coverage to Greenleaf Organics from "at least

2018" until at least the filing of the complaint in 2021 and seeks coverage thereunder.  The first amended complaint filed by Kinsale in this action encompasses the same issues.  Kinsale avers that it issued an insurance policy containing D&O coverage to Greenleaf Organics, effective from May, 2020, to May, 2021 ("the 2020 policy").  Ford and Romero are named insureds under that policy.  Although the claims in the third-party complaint concern more than a single year of coverage, they encompass the 2020 policy that is at issue in this case.

The two complaints thus concern substantially the same issues. See Maxum Indemn. Co., 2020 U.S. Dist. LEXIS 255393 at *15.  Accordingly, it is substantially likely that the New Mexico action would dispose of all the claims presented in this action. See id.  While Kinsale contends that the "no action" clause in its policies bars defendants from seeking indemnity coverage before a loss is determined, that argument goes to the ripeness of the indemnity claim and Kinsale does not contend that the New Mexico court will ultimately be unable to resolve it.  The Court concludes that this action is therefore sufficiently parallel to the New Mexico action to permit abstention under Brillhart and turns to the Brillhart factors to determine whether abstention is warranted.

The first Brillhart factor is the scope of the pending proceeding and the nature of the defenses available. Wilton, 515

-10-

U.S. at 283.  The Court has, in essence, already addressed in
the parallelism inquiry that factor and whether the claims of
all parties in interest can be adjudicated in the state
proceeding.  Because the Court has concluded that the
proceedings are similar in scope and that the parties' claims
can be litigated in New Mexico, it need not address those
factors further.

The third Brillhart factor is whether all necessary parties
have been joined.  The parties to this action and the New Mexico
action are materially identical and there is no indication that
a necessary party is currently absent from either of the two
lawsuits.  Similarly, the fourth Brillhart factor, whether all
necessary parties are amenable to process in the state
proceeding, has been answered in the affirmative by service of
process upon Kinsale.

The fifth factor, avoidance of uneconomical and vexatious
proceedings and gratuitous federal interference, is vindicated
by abstention.  There is ongoing coverage litigation in the
state court and there is no federal issue present in this case
"sufficient to override the inefficiencies of dual proceedings".
Flectat, 257 F. Supp. 3d at 158 (citation omitted).  Rather, the
interpretation of the insurance policies at issue likely will be
governed by New Mexico law.  The application of New Mexico law
and the absence of a federal issue "counsel toward abstention".

-11-

Id. at 159.  Also counselling toward abstention are the
inefficiencies of proceeding simultaneously with the two cases
that concern substantially the same issues, with the potential
for inconsistent interpretations of the policies. See Instant
Disposal Serv. v. Liberty Mutual Ins. Co., No. 88-0841, 1993
U.S. Dist. LEXIS 14739 at *12 (D. Mass. Oct. 1, 1993), see also
Essex Ins. Co. v. Gilbert, No. 13-432, 2013 U.S. Dist. LEXIS
135766 at *15 (D.R.I. Sept. 3, 2013) (explaining that the court
"should not proceed with the federal declaratory judgment if
doing so will result in piecemeal litigation, duplication of
effort and the possibility of inconsistent results").

     The Court will therefore abstain from deciding this action.
It will not, however, dismiss it outright.  Rather, the Court
will stay the action pending resolution of the New Mexico
litigation. See Wilton, 515 U.S. at 288 n.2 (noting that where
"the basis for declining to proceed is the pendency of a state
court proceeding, a stay will often be the preferable course"
because of risk of the application of a time bar if the state
case fails to resolve the controversy).

**ORDER**

For the foregoing reasons, defendants' motion to dismiss, abstain or stay litigation (Docket No. 25) is **ALLOWED**.  The action is stayed pending resolution of the state court proceeding.

**So ordered.**


 /s/ Nathaniel M. Gorton   
Nathaniel M. Gorton
United States District Judge

Dated:  March 3, 2022